Haroon Manjlai (SBN 310822)
hm@manjlailaw.com
**MANJLAI LAW, PC**
6371 Haven Ave., Suite 3-141
Rancho Cucamonga, CA 91701
Ph: (951) 268-4384

Subhan Tariq (ST9597 [New York]), *Pro Hac Vice*
subhan@tariqlaw.com
**The Tariq Law Firm, PLLC**
34-18 Northern Blvd - Suite 2-25
Long Island City, NY 11101
Ph: (718) 674-1245

Attorneys for PLAINTIFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| MELISSA ANJINETTE CARRASCO,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA and EQUIFAX INFORMATION SERVICES, LLC;<br><br>Defendants. | Case No.: 4:20-cv-5833<br><br>**VERIFIED COMPLAINT FOR:**<br><br>1. Violation of Fair Credit Reporting Act<br>2. Violation of California Consumer Credit Reporting Agencies Act<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF Melissa Anjinette Carrasco ("PLAINTIFF"), an individual, by and through her attorneys, Haroon Manjlai and Subhan Tariq, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), 15 U.S.C. § 1681e(b), 15 U.S.C. § 1681i(a)(2)(A), 15 U.S.C. § 1681i(a)(4), 15 U.S.C. § 1681i(a)

-1-
VERIFIED COMPLAINT

(5)(A), and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). PLAINTIFF seeks redress for the unlawful and deceptive practices committed by Defendant Bank of America ("BOA") and Defendant Equifax Information Services, LLC ("EQUIFAX") (collectively referred to herein as "DEFENDANTS") in connection with their inaccurate, misleading, or incomplete reporting of PLAINTIFF'S debt included in PLAINTIFF'S Chapter 7 bankruptcy.

## JURISDICTION & VENUE

2. PLAINTIFF re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C §1391(C)(2). PLAINTIFF alleges that each individual Defendant resides in the forum state and this Court has personal jurisdiction over each of the DEFENDANTS.

## PARTIES

5. PLAINTIFF is an individual and "consumer" within the meaning of the FCRA (15 U.S.C. § 1681a(c)). PLAINTIFF resides at 2950 Buskirk Avenue, Suite 300, Walnut Creek, CA 94597.

6. BOA is a bank that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 100 N Tryon Street, Suite 220, Charlotte, NC 28202.

7. BOA is a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2 et seq.).

8. EQUIFAX is a consumer reporting agency as defined by the FCRA (15 U.S.C. § 1681a(f)).

**FACTUAL ALLEGATIONS**

9. PLAINTIFF repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

10. On or around November 16, 2017, PLAINTIFF filed a Chapter 7 bankruptcy petition in the Bankruptcy Court of the District of Nevada.

11. On or around February 20, 2018, PLAINTIFF was granted a Chapter 7 Order of Discharge by the Bankruptcy Court of the District of Nevada.

12. BOA was listed as a creditor of PLAINTIFF in PLAINTIFF'S aforementioned Chapter 7 bankruptcy petition.

13. Specifically, PLAINTIFF'S BOA account (Acct. No.: 4400************) (the "discharged BOA account") was included in the discharge of PLAINTIFF'S debts.

14. Despite the discharge, BOA did not furnish the latest credit information or correct credit data, regarding the discharged BOA account, to EQUIFAX after said discharge.

15. Later in 2018, after PLAINTIFF was granted the aforementioned Chapter 7 Order of Discharge, PLAINTIFF noticed that EQUIFAX was not reporting the discharged BOA account as being included in PLAINTIFF'S bankruptcy or discharged due to bankruptcy.

16. PLAINTIFF also noticed that EQUIFAX was reporting the discharged BOA account with a balance of $1,353 and past due balance of $256.

17. As a result, PLAINTIFF began disputing the aforementioned inaccurate reporting, regarding PLAINTIFF'S discharged BOA account, being reported by DEFENDANTS on her Equifax credit report.

18. For approximately two (2) years, PLAINTIFF repeatedly disputed the inaccurate reporting, regarding PLAINTIFF'S discharged BOA account, with both DEFENDANTS between 2018 and 2020 via online disputes and dispute letters.

19. More recently, via a dispute letter, dated September 16, 2019, PLAINTIFF wrote EQUIFAX to dispute the inaccurate information that EQUIFAX was reporting concerning PLAINTIFF'S discharged BOA account. Specifically, PLAINTIFF informed EQUIFAX of the following: "Bank Of America was included in my bankruptcy back in 2017 . . . please see attached BK list of creditors and discharged paperwork, this is illegal reporting from your customer Bank of America, it is your responsibility to report accurate data on a consumer, based on the FCRA you are in violation." PLAINTIFF attached proof of her Chapter 7 Order of Discharge with its September 16, 2019 letter.

20. On October 6, 2019, PLAINTIFF also submitted an online dispute to EQUIFAX.

21. PLAINTIFF received dispute results from EQUIFAX, dated October 6, 2019. EQUIFAX'S dispute results unlawfully verified that the inaccurate information, regarding PLAINTIFF'S discharged BOA account, was correctly reporting.

22. PLAINTIFF also received another response from EQUIFAX dated November 5, 2019. EQUIFAX'S response informed Plaintiff that EQUIFAX was "unable to locate a credit file in [EQUIFAX'S] database with the identification information [PLAINTIFF]

provided." EQUIFAX'S response also requested that PLAINTIFF send additional identification information in order to process PLAINTIFF'S dispute.

23. PLAINTIFF also received a letter from BOA, dated December 3, 2019. BOA informed PLAINTIFF: "Based on your recent inquiry, we've updated our reporting. At this time we consider your dispute resolved." BOA also informed PLAINTIFF: "We investigated your inquiry and submitted the following adjustment(s) to the main consumer credit reporting agencies on December 3, 2019: - To update the account information on your file."

24. However, BOA did not update PLAINTIFF'S discharged BOA account with the accurate information - as being included in PLAINTIFF'S bankruptcy or discharged due to bankruptcy and with both a zero balance and past due balance. BOA continued to report the inaccurate information, regarding PLAINTIFF'S discharged BOA account, on PLAINTIFF'S Equifax credit report.

25. Accordingly, PLAINTIFF continued to dispute the inaccurate information that EQUIFAX was reporting concerning PLAINTIFF'S discharged BOA account.

26. On March 17, 2020, PLAINTIFF submitted an online dispute to EQUIFAX.

27. PLAINTIFF once again received dispute results from EQUIFAX, dated April 15, 2020. EQUIFAX'S dispute results once again unlawfully verified that the inaccurate information, regarding PLAINTIFF'S discharged BOA account, was correctly reporting.

28. On April 23, 2020, PLAINTIFF once again submitted an online dispute to EQUIFAX.

29. PLAINTIFF once again received dispute results from EQUIFAX, dated May 3, 2020. After approximately two (2) years of repeated and continuous disputes, EQUIFAX

finally reported the accurate information regarding Plaintiff's discharged BOA account - as being included in PLAINTIFF'S bankruptcy or discharged due to bankruptcy and with both a zero balance and past due balance.

30. However, before May 3, 2020, PLAINTIFF had already been denied credit as a result of both DEFENDANT'S inaccurate reporting regarding Plaintiff's discharged BOA account.

31. Notably, on or around April 2020, PLAINTIFF requested a credit line increase from Capital One N.A. ("Capital One") for her Walmart Rewards Card credit card.

32. Capital One denied PLAINTIFF'S request for a credit line increase.

33. Capital One informed PLAINTIFF of its denial via a letter, dated April 20, 2020. Capital One informed PLAINTIFF that it denied PLAINTIFF'S request for a credit line increase due to PLAINTIFF'S low credit score. Capital One further informed PLAINTIFF that it obtained PLAINTIFF'S credit score from EQUIFAX (PLAINTIFF'S credit score provided to BOA by EQUIFAX was dated as of February 25, 2020 - more than two months before DEFENDANTS stopped their inaccurate reporting regarding Plaintiff's discharged BOA account).

34. Furthermore, on August 11, 2020, PLAINTIFF ran her credit report and noticed that EQUIFAX is once again not reporting PLAINTIFF'S discharged BOA account as being included in PLAINTIFF'S bankruptcy or discharged due to bankruptcy. PLAINTIFF also noticed that EQUIFAX is once again reporting the discharged BOA account with a balance of $1,353 and past due balance of $219. PLAINTIFF also noticed that EQUIFAX is reporting PLAINTIFF'S discharged BOA account as "Account not disputed."

35. Upon information and belief, after receiving notice of PLAINTIFF'S disputes from EQUIFAX, and notwithstanding the fact that BOA *knew* that the information it was reporting to EQUIFAX was inaccurate, BOA repeatedly verified the inaccurate information, regarding PLAINTIFF'S discharged BOA account, to EQUIFAX.

36. Despite PLAINTIFF'S disputes, EQUIFAX did not correct the inaccurate information, regarding PLAINTIFF'S discharged BOA account, it was reporting. Upon information and belief, EQUIFAX continues to report inaccurate information for PLAINTIFF'S discharged BOA account to this day.

37. BOA is liable to PLAINTIFF for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of PLAINTIFF'S disputes of the inaccurate information, regarding PLAINTIFF'S discharged BOA account, reporting on PLAINTIFF'S credit reports with EQUIFAX;

    b. failing to review all relevant information provided to BOA by EQUIFAX concerning PLAINTIFF'S disputes; and

    c. failing to promptly modify, delete, or permanently block any and all disputed information about PLAINTIFF'S discharged BOA account on PLAINTIFF'S credit file with EQUIFAX that BOA could not affirmatively verify as accurate.

38. Similarly, EQUIFAX is liable to PLAINTIFF for violations of several provisions of § 1681i of the FCRA due to their respective acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct reasonable investigations of the disputed PLAINTIFF'S discharged BOA account to determine whether the information PLAINTIFF

-7-
VERIFIED COMPLAINT

disputed was accurate, and (ii) record the correct status of PLAINTIFF'S discharged BOA account, in violation of § 1681i(a)(1);

b. failing to review and consider all relevant information communicated by PLAINTIFF concerning PLAINTIFF'S disputes about PLAINTIFF'S discharged BOA account, in violation of § 1681i(a)(4); and

c. failing to promptly update PLAINTIFF'S discharged BOA account on Plaintiff's credit file despite the fact that EQUIFAX could not have affirmatively verified the inaccurate information as accurate upon a lawful reinvestigation of PLAINTIFF'S disputes, in violation of § 1681i(a)(5).

39. As a direct and proximate result of each DEFENDANT'S negligent and willful actions, conduct, and omissions, PLAINTIFF suffered actual damages, cognizable pursuant to the FCRA. Such damages include but are not necessarily limited to the following: impediments to PLAINTIFF'S ability to seek credit, damage to PLAINTIFF'S reputation for creditworthiness, emotional distress, embarrassment, aggravation, and frustration.

40. Each DEFENDANT'S willful violations of the FCRA entitles PLAINTIFF to an award of punitive damages.

41. Moreover, PLAINTIFF will explore in discovery, from DEFENDANTS and third-parties, the full extent to which the inaccurate reporting caused her credit harm in the form of credit denials and/or other adverse actions with respect to existing credit.

42. In addition, the inaccurate information, regarding PLAINTIFF'S discharged BOA account, reported by EQUIFAX has cost, and continues to cost, PLAINTIFF time and effort and expense in pursuit of corrected credit reports.

## FIRST CAUSE OF ACTION

### Violations of FCRA § 1681s-2(b) Against
### Defendant BOA
### (Furnisher of Information)

43. PLAINTIFF repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

44. FCRA § 1681s-2(b), in pertinent part, provides: "if an item of information disputed by a consumer is found [by a furnisher] to be inaccurate or incomplete *or cannot be verified* after any reinvestigation . . . for purposes of reporting to a consumer reporting agency only, [the furnisher shall] . . . , based on the results of the reinvestigation promptly— (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." § 1681s-2(b)(1)(E)(i) – (iii) (emphasis added).

45. BOA violated FCRA § 1681s-2(b) by its acts and omissions, including but not limited to:

   a. failing to conduct a reasonable investigation of PLAINTIFF'S disputes after receiving notice of those disputes from EQUIFAX;

   b. failing to review all relevant information provided by EQUIFAX; and

   c. failing to promptly modify, delete, or permanently block any information it could not affirmatively verify as accurate, in violation of § 1681s-2(b)(1).

46. Had BOA performed reasonable investigations required by the FCRA, it could not have verified that the disputed information reported by EQUIFAX, regarding PLAINTIFF'S discharged account, was accurate. Nevertheless, BOA did verify to EQUIFAX that the

disputed information that EQUIFAX reporting was accurate. In so doing, BOA violated § 1681s-2(b).

47. Because of BOA'S FCRA violations, PLAINTIFF suffered actual damages cognizable pursuant to the FCRA.

48. BOA'S violations of § 1681s-2(b) were willful, rendering BOA liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

49. In the alternative, BOA'S violations of § 1681s-2(b) were negligent, entitling PLAINTIFF to recover actual damages, costs, and reasonable attorney's fees from BOA pursuant to § 1681o.

## SECOND CAUSE OF ACTION

**Violations of FCRA § 1681i
Against Defendant Equifax
(Consumer Reporting Agency)**

50. PLAINTIFF repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

51. FCRA § 1681i(a)(1) requires a credit reporting agency to complete a reasonable reinvestigation of the accuracy of any item of information in a consumer's credit file that the consumer disputes to the credit reporting agency within 30 days of the dispute. Pursuant to § 1681i(a)(5), a credit reporting agency must "promptly delete [disputed] information from the file of the consumer, or modify [disputed] information, as appropriate" after completing its § 1681i(a)(1) reinvestigation if the credit reporting

agency finds that the disputed information is "inaccurate or incomplete *or cannot be verified*." §§ 1681i(a)(1) and (a)(5) (emphasis added).

52. EQUIFAX violated multiple sections of 15 U.S.C. § 1681i by their respective acts and omissions, including, but not limited to, the following:

    a. failing to conduct a reasonable reinvestigation of PLAINTIFF'S disputes to determine whether the disputed information was inaccurate and record the correct information or delete the incorrect information from PLAINTIFF'S credit file in violation of § 1681i(a)(1);

    b. failing to review and consider all relevant information submitted by PLAINTIFF concerning PLAINTIFF'S disputes, in violation of § 1681i(a)(4); and

    c. failing to properly modify or delete dispute information on and/or from PLAINTIFF'S credit files upon a lawful reinvestigation in violation of § 1681i(a)(5).

53. Had EQUIFAX reasonably investigated PLAINTIFF'S disputes, EQUIFAX could not have verified that it was reporting accurate information regarding PLAINTIFF'S discharged account. Nevertheless, following PLAINTIFF'S disputes, EQUIFAX verified and continued to report inaccurate information regarding PLAINTIFF'S discharged account. In so doing, EQUIFAX violated § 1681i.

54. Because of EQUIFAX'S FCRA violations, PLAINTIFF suffered actual damages cognizable pursuant to the FCRA.

55. Violations of § 1681i by EQUIFAX were willful, rendering EQUIFAX liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

56. In the alternative, EQUIFAX'S violations of § 1681i were negligent, entitling PLAINTIFF to recover actual damages, costs, and reasonable attorney's fees from EQUIFAX pursuant to § 1681o.

### THIRD CAUSE OF ACTION

**Violations of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a)
Against BOA**

57. PLAINTIFF repeats, reiterates, and incorporates the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

58. In the regular course of its business operations, BOA routinely furnishes information to credit reporting agencies pertaining to transactions between BOA and BOA'S consumers, so as to provide information regarding a consumer's credit worthiness, credit standing, and credit capacity.

59. BOA intentionally and knowingly reported misleading and inaccurate account information to EQUIFAX that did not comport with well-established industry standards.

60. PLAINTIFF alleges that BOA re-reported the information contained herein in violation of California Civil Code § 1785.25(a).

61. PLAINTIFF also alleges that BOA had reason to know that the information reported regarding PLAINTIFF'S discharged BOA account was misleading, inaccurate,

incomplete, and did not follow well-established credit reporting industry standards.

62. PLAINTIFF alleges that BOA had reason to know that by not comporting with well-established industry standards, lenders will draw a more negative inference with respect to PLAINTIFF'S credit worthiness.

63. PLAINTIFF alleges that the bankruptcy notices, disputes letters from EQUIFAX, the consumer data industry resource guide, and results of its investigation should have provided notice to BOA of its misleading and inaccurate reporting, as well as being noticed of the plan confirmation and proof of claim forms sent by the U.S. Bankruptcy Court.

64. BOA failed to notify EQUIFAX that the information BOA re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

65. BOA'S communications of false information, and repeated failures to investigate, and correct its inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for its duties and PLAINTIFF'S rights.

66. As a direct and proximate result of BOA'S willful and untrue communications, PLAINTIFF has suffered actual damages including but not limited to inability to properly reorganize under Chapter 7, reviewing credit reports from EQUIFAX, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial. Wherefore, PLAINTIFF prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF seeks judgment in PLAINTIFF'S favor and damages and equitable relief against DEFENDANTS:

1. For preliminary and permanent injunctive relief to stop DEFENDANTS from engaging in the conduct described above;

2. Awarding statutory and actual damages pursuant to 15 U.S.C. § 1681n and § 1681o;

3. Awarding statutory and actual damages pursuant to California Civil Code § 1785.31;

4. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

5. Award punitive damages in order to deter further unlawful conduct pursuant to California Civil Code § 1785.31;

6. Ordering EQUIFAX to:

    a. immediately and permanently (i) delete and/or update all inaccurate information concerning PLAINTIFF'S discharged BOA account from and/or on PLAINTIFF'S credit reports and files, and (ii) cease reporting inaccurate information concerning PLAINTIFF'S discharged BOA account to any and all persons and entities to whom EQUIFAX reports consumer credit information; and

    b. send updated and corrected consumer reports to all persons and entities to whom EQUIFAX has reported inaccurate information about PLAINTIFF'S discharged BOA account;

7. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n and § 1681o;

8. Award attorney's fees and costs of suit incurred herein pursuant to California Civil Code § 1785.31; and

9. Such other and further relief as may be necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: August 18, 2020

                         Respectfully submitted,

Haroon Manjlai, Esq.
**MANJLAI LAW, PC**
6371 Haven Ave., Suite 3-141
Rancho Cucamonga, CA  91701
Telephone: (951) 268-4384
Email: hm@manjlailaw.com

Subhan Tariq, Esq.
**The Tariq Law Firm, PLLC**
34-18 Northern Blvd – Suite 2-25
Long Island City, NY 11101
Telephone: (718) 674-1245
Email: subhan@tariqlaw.com

***Attorneys for Plaintiff***

**VERIFICATION**

I, MELISSA ANJINETTE CARRASCO, a resident of California, certify and declare that I have read the foregoing VERIFIED COMPLAINT and declare under penalty of perjury under the laws of the United States of America that the matters stated in the document described above are true of my own knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

Executed this 18th day of August, 2020.

*[signature]*
MELISSA ANJINETTE CARRASCO